**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PRENTISS CARADINE II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-01172-CDP |
| ) | |
| DEPARTMENT OF JUSTICE et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of self-represented Plaintiff Prentiss Caradine II's complaint, motion for appointment of counsel, and motion for leave to proceed in forma pauperis ("IFP"). For the reasons discussed below, the Court will grant Plaintiff's IFP motion, deny his motion for appointment of counsel, and dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2).

### Filing Fee

Federal courts must collect a filing fee from any party instituting a civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed IFP.

To obtain IFP status, a non-prisoner litigant must file a motion and an affidavit demonstrating their inability to pay. If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different rules apply to prisoner litigants under the Prisoner Litigation Reform Act ("PLRA"). In addition to the standard IFP affidavit, prisoners must submit a certified copy of their

inmate account statement reflecting the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner lacks sufficient funds, it will assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1). After this initial payment, the prisoner must make monthly payments equal to 20% of their income until the fee is paid in full. 28 U.S.C. § 1915(b)(2). The prison will forward these payments to the Court whenever the prisoner's account balance exceeds $10. *Id*. Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. §1915(a)(2). Nevertheless, having reviewed the information contained in his motion, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement to support that assertion.

**Legal Standard**

Because the Court has granted Plaintiff's IFP motion, his complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint

filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is an inmate at the St. Louis County Justice Center in Clayton, Missouri. (ECF No. 1). He brings this action under 42 U.S.C. § 1983 against the Department of Justice, the Justice Center, and Kito Bess, the Director of the County's Department of Justice Services. *Id*.

3

Plaintiff alleges that the conditions of his confinement caused him to suffer a heart attack on August 9, 2024. *Id*. He attributes the cardiac event to inadequate staffing and insufficient opportunities for physical exercise. *Id*. Following the heart attack, he received a coronary stent and was hospitalized for six days. *Id*. Plaintiff states that medical personnel at the Justice Center failed to adhere to his hospital-prescribed medication regimen. *Id*. For relief, he seeks $20 million "tax free" and a lifetime certification as a police officer by the Missouri Department of Public Safety. *Id*.

## Discussion

Liberally construed, Plaintiff appears to assert a claim for deliberate indifference to a serious medical need. The Court will address this claim against each defendant separately.

**1. The Department of Justice**

The Court lacks jurisdiction over Plaintiff's claim against the Department of Justice. Absent a waiver, sovereign immunity shields the federal government and its agencies from suit. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). Courts narrowly construe waivers of sovereign immunity in favor of the sovereign, and the plaintiff bears the burden of demonstrating the waiver. *See Snider v. United States*, 468 F.3d 500, 509 (8th Cir. 2006) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)); *see also V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000.

Here, Plaintiff does not allege that the Department of Justice has waived its sovereign immunity. Therefore, the Court lacks subject matter jurisdiction over this claim. *See Meyer*, 510 U.S. at 475.

4

### 2. St. Louis County Justice Center

The St. Louis County Justice Center, as a subdivision of local government, is not a suable entity. *See, e.g., Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming summary judgment in favor of county jail because "county jails are not legal entities amendable to suit"). Consequently, the Court will also dismiss Plaintiff's claim against the Justice Center for failure to state a plausible claim to relief. *See* 28 U.S.C. § 1915(e)(2).

### 3. Director Kito Bess

#### A. Official Capacity

An official-capacity claim against an individual is a claim "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Put another way, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Here, Plaintiff alleges that Director Bess works for the Missouri Attorney General's Office. Therefore, to succeed on his official-capacity claim against Director Bess, Plaintiff must establish the Attorney General's Office's liability for the alleged misconduct. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff cannot do so for two reasons.

First, while § 1983 provides for an action against a "person" who violates another's civil rights under color of state law, *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008), "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Second, absent a waiver, the Eleventh Amendment bars suits against a state or its officials acting in their official capacities. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Accordingly, the Court will dismiss Plaintiff's official-capacity claim against Director Bess. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

5

Even if Plaintiff had properly alleged that Director Bess is employed by St. Louis County, the claim would nevertheless be subject to dismissal. To establish the County's liability for a constitutional violation, Plaintiff would need show that the alleged misconduct resulted from (1) an official County policy, (2) an unofficial County custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Monell v. Dep't of Soc. Servs. of City of New York*.

Plaintiff does not identify any policy, custom, or training deficiency attributable to the County. And while a plaintiff need not explicitly plead the existence of an unconstitutional policy or custom, he must still allege facts supporting their existence. *See Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Plaintiff has not done so here.

### B.  Individual Capacity

To establish individual liability under § 1983, a plaintiff must show "a causal link to, and direct responsibility for" the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). That means he must allege facts demonstrating each defendant's personal responsibility for the alleged harm. *Id.* Conclusory allegations based on a defendant's supervisory role are insufficient. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

Here, Plaintiff fails to demonstrate that Director Bess was personally involved in any of the alleged wrongdoing. He instead relies entirely on Bess's role as Director of the Justice Services Department. Consequently, the Court will dismiss Plaintiff's individual-capacity claim against Director Bess. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### Conclusion

For the foregoing reasons, the Court will grant Plaintiff's IFP motion, deny his motion for appointment of counsel, and dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial partial filing fee of $1.00 **within thirty (30) days** of the date of this Order. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of March, 2025.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE